**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**                    Case No.: 6:26-mj-1240

    Plaintiff,

vs.

**CHRISTOPHER ALEXANDER DELGADO**,

    Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF
RELEASE**

Defendant, **Christopher Alexander Delgado**, through undersigned counsel,
respectfully moves this Court, pursuant to Title 18 U.S.C. § 3142(c)(3), to modify one
condition of his pretrial release. In support, Defendant states as follows:

## I.    INTRODUCTION

On February 24, 2026, this Court entered an Order Setting Conditions of Release.
Among those conditions, the Order permits Defendant to remain in contact with Stephen
Davis through March 26, 2026, for the limited purpose of allowing Mr. Davis to locate
new housing.

The requested modification does not increase any risk of flight or danger to the
community, and remains fully consistent with the purposes of the Bail Reform Act. The
undersigned has conferred with counsel from the Government and separately Pre-Trial
Services. Neither party has an objection to the instant request.

## II.    RELEVANT BACKGROUND

On February, 24, 2026, Mr. Delgado appeared before the Court where it imposed conditions of release under Title 18 U.S.C. § 3142. Among the conditions imposed, the Order provides that Defendant shall have no direct or indirect contact with any former Directors or former Investors of Goliath Ventures, Inc. At the time the conditions were imposed, however, Stephen Davis ("Mr. Davis") was residing in Defendant Delgado's home, and the Court created a limited exception permitting Delgado to remain in contact with Mr. Davis through March 26, 2026, solely to allow Mr. Davis to secure new housing. Since that time, Mr. Davis has made good faith efforts to secure alternative housing arrangements. However, despite those efforts, Mr. Davis has been unable to secure suitable housing within the timeframe originally contemplated by the Court. Accordingly, Defendant seeks a narrow modification of this single condition to allow an additional fifteen (15) days of contact with Mr. Davis, through April 10, 2026, so that he may complete his housing search and transition.

## III.    REQUESTED MODIFICATIONS

Defendant respectfully requests that the Court modify the conditions of release. That the permitted contact between Defendant Christopher Alexander Delgado and Mr. Davis be extended by fifteen (15) days, from March 26, 2026, through, and including, April 10, 2026, for the sole and limited purpose of allowing Mr. Davis additional time to secure new housing. All other conditions of release, including but not limited to home detention, GPS monitoring, travel restrictions, and all financial conditions, shall remain in full force and effect.

2

## IV.    LEGAL STANDARD

Under Title 18 U.S.C. § 3142(c)(3), the Court may "at any time" amend the conditions of release "to impose additional or different conditions of release." *United States v. Fard*, No. 8:17-CR-131-T-33MAP, 2017 WL 11610729, at *1 (M.D. Fla. July 26, 2017). Courts routinely modify conditions when the requested changes: (i) pose no additional risk of flight; (ii) ensure the defendant's continued compliance; and (iii) facilitate ordinary family, business, or personal affairs. The requested modification meets this standard.

## V.    ARGUMENT

Currently, Mr. Delgado has been fully compliant with all conditions of release. He has obeyed every directive, made all required appearances, and consistently demonstrated reliability and stability. Mr. Davis, who is a former investor, has been actively seeking alternative housing, however because of a personal family issue he has been unable to secure suitable accommodations within the time originally permitted by the Court. Defendant respectfully requests the Court extend the permitted contact with Mr. Davis by fifteen (15) additional days, through and including April 10, 2026, solely for the purpose of facilitating his housing search. All other conditions of release would remain unchanged.

The Bail Reform Act favors the least restrictive means necessary. Allowing these narrowly circumscribed contacts aligns with § 3142's directive to impose only the conditions necessary to reasonably assure the Mr. Delgado's appearance and safety. As noted above, neither Pre-Trial Services nor the Department of Justice objects to this request.

WHEREFORE, Defendant **CHRISTOPHER ALEXANDER DELGADO** respectfully requests that this Court modify the conditions of release to extend the permitted contact with Stephen Davis through April 10, 2026, for the sole purpose of assisting him in securing new housing, and grant any further relief the Court deems just and proper.

Dated: March 19, 2026                    Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
*Attorneys for Defendant*
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Tel.: 954-728-1282
Fax: 954-678-4090

By: */s/ Maurice A. Johnson*
     Maurice A. Johnson, Esq. (FBN 1039857)
     Maurice.Johnson@lewisbrisbois.com
     Aviva.Pasternak@lewisbrisbois.com
     Sean P. Shecter, Esq. (FBN 1032813)
     Sean.Shecter@lewisbrisbois.com
     Aviva.Pasternak@lewisbrisbois.com
     ftlemaildesig@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which serves a true and correct copy of the same to all attorneys.

*Maurice A. Johnson*
Maurice A. Johnson, Esq.

4